## Vansant v. Vansant.

(Decided March 13, 1934.)

MARCUS C. REDWINE for appellant.
HANNAH & VANSANT for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The late R. H. Vansant and his deceased brother Ben Vansant, had many transactions with each other. After their death their widows had a settlement of the mutual accounts whereby Mrs. Frances L. Vansant, the widow of Ben Vansant, executed a note to Mrs. Anna V. Vansant, the widow of his brother, for $22,166.75 on July 18, 1922. On that date there was also executed a note for $5,310 made payable to the Ashland National Bank on which Mrs. Frances L. Vansant was principal and Mrs. Anna V. Vansant was surety. This was paid by the surety on May 15, 1927; the amount then due being $6,813.63. In order to secure the payment of the larger note and to indemnify the surety on the bank note, a mortgage was executed by Mrs. Frances L. Vansant on a large body of land in Elliott county. This suit was filed by the appellee, Mrs. Anna V. Vansant on the two obligations and for the enforcement of the mortgage.

The answer and counterclaim is so inartfully drawn that it is difficult to understand. We deduce the following as the substance: As to the $22,166.75 note it is denied that the defendant owed in excess of $12,166.75. It is charged that the note contained duplications and errors and was executed through mutual mistake. The liability on the bank note is admitted. We understand the pleading as a whole to claim credit for duplications and payments in the sum of $10,000; to deny that either obligation was due and payable or that the plaintiff was entitled to a sale of the mortgaged property to enforce the lien. These pleas are rested upon the ground that it had been agreed that the defendant should lease the minerals in the property and sell it in parcels and apply the proceeds to the liquidation of the debt, and that the time of payment was extended until that could be done. It is averred that the defendant had performed and was performing her part of these contracts of forbearance. There are some statements which could be regarded as traversing all of the petition, but a credit of only $10,000 is sought. Reading the pleadings together, it must be regarded that only the excess of $10,000 was traversed. It was further prayed that the suit be abated in order

that the contracts as to the extension of time in which to satisfy the debt might be carried out.

The defendant appears to be a resident of Oklahoma. She had given her son, Vernon V. Vansant, general power of attorney to transact all of her business in relation to this land and the contracts with the plaintiff. Some two years after the suit was filed, the son and agent gave his deposition in which he undertook to establish the rights claimed in the answer and counterclaim. Thereafter the plaintiff, by an amended petition, agreed to a credit of $10,000 on the debt. Judgment was rendered for the amount claimed less that credit and for a sale of the property to satisfy the lien.

The defendant appeals and argues that the case was prematurely disposed of for she was not given opportunity to establish her defenses. On that point we have, first, the admission by plaintiff of all the credits claimed by the defendant and the admission by the defendant that the balance was owing. There being at the time no issue as to the amount of the obligation, it was obviously proper to render judgment upon the pleadings, and it cannot be said to have been summary or arbitrary in that respect.

As to the matter of forbearance, the defendant's agent produced all the papers and testified to all the facts upon which her claim was based. And there is no contradiction. There is a writing bearing the same date as of the notes July 28, 1922, which refers to the mortgage and authorizes the mortgagor to lease the minerals and release the mortgage covering the same, provided all sums in excess of $1,500 a year should be applied on the debt. The larger note payable to the plaintiff matured July 28, 1927, and the bank note was paid off by the plaintiff, as surety, on May 15, 1927. Both notes were past due when the agreement was made in the fall of 1928 that the defendant's agent might liquidate the indebtedness by the sale of the small tracts. It was verbal, but a few sales, negligible compared to the whole debt, were ratified. Even after the suit was filed in August, 1930, the agent was permitted to continue his efforts along this line. On April 30, 1931, he was advised that it had been necessary for the plaintiff to assign her property to some banks, and therefore that all such agreements were necessarily terminated and the suit to foreclose the mortgage would have to proceed.

Aside from the question of no consideration, it is the law with respect to forbearance to sue or proceed with the suit to a final determination that, in the absence of circumstances showing it to be perpetual, an agreement to forbear for an indefinite time is regarded as calling for a reasonable period. Mock v. Trustees First Baptist Church of Newport, 252 Ky. 243, 67 S. W. (2d) 9. It seems to us such a reasonable time was given in this case. Harris v. Harvey, 193 Ky. 161, 235 S. W. 14.

It therefore appears from a consideration of the whole record that, conceding everything the defendant established in her proof, the court was justified in entering the judgment.

The generalities and ramifications of the brief filed by the appellant, coupled with a very confusing record, neither conforming to the rules of the court, have made it difficult to understand the argument or make application of it. We have discussed what appear to be the main points, and given much consideration to the others, even though they are not discussed.

Wherefore the judgment is affirmed.